HENRY RHOADES, Sergeant, U. S. Marine Corps, Petitioner

v

FRED HAYNES, Major General, U. S. Marine Corps, Commanding
General, 2nd Marine Division, Camp Lejeune,
North Carolina, Respondent

22 USCMA 189, 46 CMR 189

Miscellaneous Docket
No. 73–9

March 16, 1973

*Frank J. McGee, Esquire,* and *Gerard S. McAuliffe, Esquire,* counsel
for Petitioner.
*Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Commander
Harvey E. Little,* JAGC, USN, counsel for Respondent.

## Memorandum Opinion of the Court

The "Petition for Extraordinary Relief," filed in the above-entitled action, and the "Respondent's Reply to Show Cause Order," establish the following:

A general court-martial, convened by order of the respondent, convicted petitioner of unpremeditated murder,[1] and on October 28, 1972, sentenced him to a dishonorable discharge, total forfeitures, and confinement at hard labor for 30 years. Petitioner is currently confined at the U. S. Navy Disciplinary Command, Portsmouth, New Hampshire.

The petition alleges that as of February 21, 1973, the date of its preparation, the military judge had not authenticated the record of trial, and, necessarily, the convening authority had not acted thereon as required by Articles 61 and 64, UCMJ, 10 USC §§ 861 and 864.

The respondent's reply indicates that in fact the military judge authenticated the record on February 1, 1973, and on March 3, 1973, trial defense counsel completed his examination of the record,[2] and returned it to the law

---

[1] Article 118, Uniform Code of Military Justice, 10 USC § 918.

[2] Paragraph 82e, Manual for Courts-Martial, United States, 1969 (Revised edition) provides, in pertinent part:

When undue delay will not result, the trial counsel should permit the defense counsel to examine the record before it is forwarded to the convening authority. A suitable

center, Camp Lejeune, North Carolina, where it is now under study in compliance with Article 61, UCMJ, 10 USC § 861.

When, upon application of a petitioner, a prima facie case of unreasonable delay in the appellate processes appears in a case over which we may obtain jurisdiction, this Court will take appropriate action to protect its power to grant meaningful relief from any error which might appear upon our ultimate review of the record of trial pursuant to Article 67(b)(3), UCMJ, 10 USC § 867(b)(3). Chenoweth v Van Arsdall, Misc Docket No 73–1 (USCMA March 13, 1973). In such an instance we will not determine responsibility for the delay, nor assess its impact upon substantial rights. Rather, except in the most extraordinary case, we limit our action to the removal of the impediment and direct completion of the appellate processes. Depending on the convening authority's action, assessment of the delay is deferred until the case is reviewed by the Court of Military Review or by this Court, pursuant to Articles 66 and 67, respectively, UCMJ, 10 USC §§ 66 and 67. United States v Prater, 20 USCMA 339, 43 CMR 179 (1971).

A prima facie case of inordinate delay has been shown in the instant case. Consequently, it is ordered:

1. That the convening authority complete his review of the record of trial, as required by the Uniform Code of Military Justice, and that a copy of his action be filed with the Clerk of this Court on or before April 2, 1973;

2. That if the convening authority's action is such as to require that the record of trial be further reviewed by the United States Navy Court of Military Review, a certificate of receipt of the record of trial by said court, signed by the clerk or a judge of that tribunal, will be filed with the Clerk of this Court on or before April 2, 1973;

3. That the proceedings on the petition be kept open for such other orders as the Court may deem necessary; and

4. Upon receipt of the documents referred to in 1 and 2, supra, within the time specified, the Clerk of this Court will enter an order dismissing the petition as moot, without prejudice to the right of petitioner to reassert the issue before the Court of Military Review and this Court.

---

notation that this examination has been accomplished by the defense counsel should be included in the record, preferably on the page bearing the authentication. . .